UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-05734-SVW (RZ) | Date | August 29, 2012 |
|---|---|---|---|
| Title | Heck v. Universal City Studios, LLC et al. | | |
| | [JS-6] | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   IN CHAMBERS ORDER re Motion to Remand [12]

I.   **INTRODUCTION**

On April 30, 2012, Plaintiff Kristen Heck filed this employment discrimination action in Los Angeles County Superior Court against Defendants Universal City Studios, NBC Universal, and Supervisors John Roussey, Silva Kasparian, Stephanie Tuch, and Janice Sasaki (collectively, "Defendants"). Heck's complaint alleges seven violations of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq.: (1) disability discrimination; (2) failure to prevent discrimination; (3) harassment; (4) failure to accommodate; (5) failure to engage in the interactive process; (6) retaliation; and (7) wrongful termination. The complaint also alleges wrongful termination in violation of public policy.

On July 2, 2012, Defendants removed the action to this Court on the ground of preemption under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. In this Motion to Remand, Heck maintains that her claims are not preempted by the LMRA. For the reasons below, the Court agrees with Heck and GRANTS the Motion to Remand.

II.   **FACTUAL ALLEGATIONS**

Heck began working for Defendants as an administrative assistant in December 1999. (Compl. ¶ 11). Between January and March of 2009, she began to experience pain in both feet and her right hand, wrist, and right thumb. Her symptoms worsened when, in February 2009, she was assigned to a project to scan documents. (Compl. ¶¶ 14-20). In April 2009, Heck's orthopedic surgeon restricted Heck to limited standing or walking and no use of her right hand and arm. (Compl. ¶ 24).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-05734-SVW (RZ) | Date | August 29, 2012 |
|---|---|---|---|
| Title | Heck v. Universal City Studios, LLC et al. | | |

[JS-6]

      Even though Heck informed Defendants of her doctor visits and medical restrictions, Defendants ignored her and required her to continue scanning 1200 sets per day. (Compl. ¶¶ 25, 27, 29, 30). In addition, Heck alleges that her supervisors ignored her e-mails, were impatient with her, failed to promptly furnish ergonomic accommodations, and gave her write-ups and reprimands because she worked slowly, as she could only use her left hand. (Compl. ¶¶ 28, 31, 33).

      On or about May 15, 2009, Heck filed a workers compensation claim and took medical leave for her disability. (Compl. ¶ 39). While she was gone, Defendants discarded her personal items and sent away her printer. (Compl. ¶ 40). They also began to intercept and confiscate her mail, even though they did not do so with other administrative assistants. (Compl. ¶ 41).

      Upon Heck's return on May 18, 2011, she was allegedly singled out and treated poorly by everyone in her department. (Compl. ¶ 42). Her supervisors refused to communicate with her and ignored her e-mails. (Compl. ¶ 43). Defendants refused to return her personal items. (Compl. ¶ 44). Heck alleges that she was singled out as the only administrative assistant required to walk to the other side of the building to use a copier and required to follow special procedures for ordering supplies. (Compl. ¶¶ 44-45). When Heck's electric stapler was taken away, she noted that she needed it for her disability. Defendant Kasparian refused to return it, stating there was no "business need." (Compl. ¶ 46).

      On or about July 15, 2011, Heck filed a complaint with the EEOC against Defendants. (Compl. ¶ 48). Following her complaint, Defendants issued her write-ups and refused to provide ergonomic accommodations. (Compl. ¶ 49). Defendants terminated Heck on or about August 10, 2011, informing her that she was laid-off. (Compl. ¶ 50). However, Heck alleges that the other ten employees who were given notice of the lay-off at the same time were allowed to stay employed with Defendants until September 26, 2011. Only she was required to leave immediately. (Compl. ¶ 51). Further, Defendants allegedly refused to help Heck find a new position, even though they offered to help find new positions for the ten other employees that were laid off. (Compl. ¶ 52).

### III.  LEGAL STANDARD

      "A district court may remove an action from state court only if the action could have been brought in the district court originally." Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 747 (9th Cir. 1993). Here, Defendants contend that Section 301 of the Labor Management Relations Act ("LMRA") preempts Heck's claims and thus presents a federal question.

      Heck's complaint pleads state-law claims. Normally, the mere fact that these claims are

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-05734-SVW (RZ) | Date | August 29, 2012 |
|---|---|---|---|
| Title | Heck v. Universal City Studios, LLC et al. | | |

[JS-6]

preempted is not a ground for removal. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983) ("[A] case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). However, "in areas where federal law completely preempts state law . . . a claim purportedly based on state law is considered to be a federal claim from its inception." Ramirez, 998 F.2d at 747. In this regard, it is well established that "Section 301 completely preempts any state causes of action based on alleged violations of contracts between employers and labor organizations." Id.; 29 U.S.C. § 185(a). Thus, the question is whether Heck's state-law claims are preempted by Section 301.

A state-law claim is preempted by section 301 if it is "either based upon a collective-bargaining agreement or dependent upon an interpretation of the agreement." Id. at 748 (internal quotation marks omitted). To be preempted, the evaluation of the state law claim must be "inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim." Detabali v. St. Luke's Hospital, 482 F.3d 1199, 1203 (9th Cir. 2007) (internal quotation marks omitted).

Thus, "the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not" preempt a state claim. Livadas v. Bradshaw, 512 U.S. 107, 124 (1994). Stated differently, "causes of action that only tangentially involve a provision of a collective-bargaining agreement are not preempted by section 301." Detabali, 482 F.3d at 1203 (internal quotation marks omitted). For example, "[i]f the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the collective bargaining agreement in mounting a defense." Id. (internal quotation marks omitted). Similarly, "a discrimination claim need not be preempted merely because certain aspects of the collective bargaining agreement govern work assignments and discharges." Jimeno v. Mobil Oil Corp., 66 F.3d 1514, 1525 (9th Cir.1995) (internal quotation marks omitted). Notably, the Ninth Circuit has observed its own "long line of [] cases holding that FEHA employment discrimination claims are not ipso facto preempted by § 301 of the LMRA." Detabali, 482 F.3d at 1203.

The Ninth Circuit recognizes a "strong presumption against removal." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Courts must "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. In short, Defendant has the burden of establishing that removal is proper. Id.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-05734-SVW (RZ) | Date | August 29, 2012 |
|---|---|---|---|
| Title | Heck v. Universal City Studios, LLC et al. | | |

[JS-6]

## IV. DISCUSSION

Heck's state-law claims are neither based on the collective bargaining agreement ("CBA") nor dependent on the interpretation of the CBA. The Court addresses the claims in groups for ease of analysis.

### A. Discrimination, Failure to Prevent Discrimination, Wrongful Termination, and Wrongful Termination in Violation of Public Policy

Heck alleges that Defendants discriminated against her on the basis of her disability. Although Heck alleges that she experienced various forms of disability discrimination, Defendants only assert that one of these claims requires interpretation of the CBA: the allegation that Heck was terminated because of her disability. (Compl. ¶ 62).[1]

Defendants suggest that their decision to lay off Heck requires interpretation of the CBA. Specifically, they point to Article 3, which provides, in pertinent part, that the "Employer shall have, and expressly reserved at all times, the right to determine the number of employees required, the right to discipline or discharge for any just cause, . . . the right to supervise, direct and control the manner, means and details by which employees perform their service, the ends and objectives to be accomplished and all the rights, powers and authorities an Employer traditionally retains." (Higginbotham Decl., Ex. 1, Art. 3(b)).

In Ramirez, the defendant similarly argued that the LMRA completely preempted the plaintiff's FEHA claim for race discrimination. The plaintiff, who was Hispanic, alleged that he suffered discrimination because unlike his "anglo" co-corkers, he was required to submit a form verifying that he missed work because of jury service. The Ninth Circuit held that this allegation could not be resolved by interpreting the bargaining agreement. The court reasoned, "the Bargaining Agreement may be crystal clear-that all or no employees need such verification forms-but [defendant] nonetheless may have ignored the Bargaining Agreement in [plaintiff's] case or applied it to her in a discriminatory manner." 998 F.2d at 749. Therefore, the court concluded that merely consulting the bargaining agreement was "not the equivalent of interpreting the meaning of its terms." Id.

The same reasoning governs this case. Here, there is no dispute that Defendants had the

---

[1] Because the burden to justify removal lies with Defendants, their failure to address the other forms of discrimination leads to the conclusion that these potential claims are not subject to preemption.

: 
Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-05734-SVW (RZ) | Date | August 29, 2012 |
|---|---|---|---|
| Title | Heck v. Universal City Studios, LLC et al. | | |

[JS-6]

authority to terminate or discharge Heck under the collective bargaining agreement. Rather, the relevant question is whether Defendants terminated Heck on the basis of her disability. The resolution of that question does not depend on any interpretation of the CBA. Accordingly, Defendants have failed to sustain their burden of showing that removal was proper.

This conclusion is strengthened by Ninth Circuit precedent holding that "causes of action which assert nonnegotiable state-law rights . . . independent of any right established by contract" are not subject to preemption under section 301. Detabali, 482 F.3d at 1203. The Court of Appeals previously has stated that California employees' right to be free from disability discrimination "is defined and enforced under state law without reference to the terms of any collective bargaining agreement." Ackerman v. W. Elec. Co., Inc., 860 F.2d 1514, 1517 (9th Cir. 1988). This is an additional reason to conclude that the claim is not preempted.

Further, three other claims – failure to prevent discrimination, wrongful termination under FEHA, and wrongful termination in violation of public policy – are predicated upon the question of whether defendants terminated Heck in a discriminatory manner. See, e.g., Phillips v. St. Mary Reg'l Med. Ctr., 96 Cal. App. 4th 218, 227 (2002). Because the resolution of the discrimination claim does not require interpretation of the CBA, the resolution of these related claims similarly does not require the interpretation of the CBA. Accordingly, the aforementioned claims are not preempted.

    **B.**    **Harassment**

Heck alleges that Defendants created a hostile work environment by intentionally and willfully engaging in a course of conduct designed to harass and intimate her, including "refusing to accommodate [her] disability, ignoring and refusing to acknowledge [her], issuing [her] a pretextual write-up, and ultimately terminating [her]." (Compl. ¶¶ 77-78).

In their Opposition to the Motion to Remand, Defendants neglect to explain why most of these forms of harassment would require the Court to interpret the CBA. The only form of harassment they claim requires interpretation of the CBA is the ultimate termination of Heck. However, as already explained above, there is no dispute that Defendants had the authority to terminate Heck. Rather, to adjudicate the harassment claim, the Court must resolve whether, inter alia, Defendants terminated Heck "because of . . . physical disability." See Cal. Gov't Code § 12940(j)(1). Because Defendants have failed to show that this determination depends on an interpretation of the CBA, the harassment claim is not preempted.

    **C.**    **Failure to Accommodate, Failure to Engage in Interactive Process**

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-05734-SVW (RZ) | Date | August 29, 2012 |
|---|---|---|---|
| Title | Heck v. Universal City Studios, LLC et al. | | |

[JS-6]

      The FEHA provides that it is an "unlawful employment practice . . . for an employer . . . to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." Cal. Gov't Code § 12940(m). A reasonable accommodation may include "making existing facilities used by employees readily accessible to and usable by individuals with disabilities," in addition to "[j]ob restructuring, reassignment to a vacant position, part-time or modified work schedules, acquisition or modification of equipment or devices, adjustment or modification of examinations, training materials or policies ... and other similar actions." 2 Cal. Code Regs. § 7293.9(a)(1)-(2). The FEHA also states that it is an "unlawful employment practice . . . for an employer . . . to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations." Cal. Gov't Code, § 12940(n).

      Defendants fail to supply any reason why the Court's resolution of these claims would require interpretation of the CBA. Accordingly, these claims are not preempted.

      **D.**      **Retaliation**

      Heck alleges that Defendants terminated her in retaliation for her actions opposing Defendants' discriminatory practices based on her disability. (Compl. ¶¶ 101-103). Defendants suggest that this claim requires the Court to interpret the CBA. Again they cite the provision stating that the "Employer shall have, and expressly reserved at all times, the right to determine the number of employees required, the right to discipline or discharge for any just cause." (Higginbotham Decl., Ex. 1, Art. 3(b)). However, the Court need not interpret that provision because it is not in dispute. Rather, the viability of the retaliation claim turns on whether Defendants terminated Heck because she opposed their discriminatory behavior. Cal. Gov't Code § 12940(h). That inquiry is independent from the CBA. Accordingly, the retaliation claim is not preempted.

      Defendants point out that Heck filed a Step One Grievance as well as an unfair labor practice charge with the National Labor Relations Board. In these filings, Heck apparently asserted similar charges of hostile work environment and retaliation. (Def. Opp. at 4). Defendants baldly assert that this reveals that the resolution of such claims will require interpretation of the CBA. (Id. at 6-7). However, Defendants fail to identify any provisions of the CBA that must be interpreted to resolve the state-law claims of harassment and retaliation.

      Furthermore, even assuming the CBA contains a provision concerning retaliation or harassment, this would be irrelevant. In Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988), the Supreme Court made clear that "the mere fact that a broad contractual protection against discriminatory or retaliatory discharge may provide a remedy for conduct that coincidentally violates state-law does not

                                                                                                                                               :

Initials of Preparer            PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-05734-SVW (RZ) | Date | August 29, 2012 |
|---|---|---|---|
| Title | Heck v. Universal City Studios, LLC et al. | | |

[JS-6]

make the existence or the contours of the state law violation dependent upon the terms of the private contract." Id. at 412-13.  Thus, Defendants have failed to show that the Court must interpret the CBA in order to resolve the instant state-law claims.

**V.      CONCLUSION**

In sum, Defendants have provided no persuasive reasons why a court must interpret the collective bargaining agreement to adjudicate Heck's state-law claims.  Therefore, the Court concludes that removal was improper because these claims are not preempted by section 301 of the LMRA.  The Court GRANTS the motion to remand this action to Los Angeles County Superior Court.

: 

Initials of Preparer            PMC